IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Billy Roy Boyd, | ) | C/A No.: 1:11-2981-TMC-SVH |
| Petitioner, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| State of South Carolina, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner Billy Roy Boyd ("Petitioner"), proceeding pro se, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging he has been deprived of his right to a speedy trial. Petitioner was a pretrial detainee in the Greenville County Detention Center at the time he filed this action. He has paid the full filing fee. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Petitioner's pleading is captioned as "MOTION FOR DISMISSAL OF AN INDICTMENT PURSUANT TO SPEEDY TRIAL ACT OF 1974 AND SIXTH AMENDMENT." [Entry #1 at 1]. It appears Petitioner originally filed this motion in the Greenville County Court of General Sessions because the heading above the caption indicates it was filed there. *Id.* Additionally, the first page of the pleading bears the

Greenville County Clerk of Court file stamp. *Id.* At the top of his pleading, Petitioner refers to "Case No. 2010-GS-23-03487, -03488, -13489, -03490." *Id.* Petitioner moves for dismissal of his criminal charges, alleging his right to a speedy trial has been violated. *Id.* at 1–3.

II.  Discussion

   A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

2

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

While this case was pending, Petitioner submitted another petition for review pursuant to 28 U.S.C. § 2254. *See Boyd v. McKie*, No. 1:12-201-TMC-SVH (filed Jan. 23, 2012). In his § 2254 petition, Petitioner alleges he is confined at the Kirkland Correctional Institution, a facility run by the South Carolina Department of Corrections, and is challenging criminal case numbers "2010-GS-23-03487, 03488, 03489, 03490." A court may take judicial notice of its own books and records. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). A review of the § 2254 petition reveals that Petitioner has now been convicted of the same crimes he was moving to dismiss in the instant petition, rendering this action moot.

Even assuming Petitioner had not yet been convicted, federal habeas corpus relief for a state prisoner is ordinarily only available post-conviction. Pretrial petitions for habeas corpus relief, however, are properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Applying this test to the facts as pled in the petition, Petitioner alleges that he is currently awaiting trial in an ongoing state criminal proceeding. Thus, the first prong of the abstention test is satisfied. The second criterion has been addressed by the Supreme Court statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). In addressing the third criterion, the Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Specifically, federal habeas relief is available under § 2241 only if "special

4

circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224–26; *see also Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 489–90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pretrial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.* Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Id.*

In *Moore*, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. *Id.* at 443; *see also Brazell v. Boyd*, No. 92-7029, 1993 WL 98778, at *2 (4th Cir. Feb. 10, 1993) (finding district court should abstain from considering a speedy trial claim pursuant to *Younger*, even if the case were properly exhausted).

Petitioner fails to demonstrate "special circumstances" or that he has no adequate remedy at law and will suffer irreparable injury if denied the relief he seeks. Additionally, it appears from Petitioner's pending § 2254 action that the present petition is moot. Petitioner is therefore precluded from federal habeas relief at this time, and his petition should be dismissed.

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 10, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).