IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Billy Roy Boyd, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No. 1:11-2981-TMC |
| v. ) | |
| ) | **ORDER** |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation (Dkt. # 23). Petitioner, a pro se inmate, filed this action seeking a Writ of Habeas Corpus under 28 U.S.C. § 2241. In his Petition (Dkt. # 1), Petitioner alleges a violation of his right to a speedy trial.[1] The Magistrate Judge's Report and Recommendation, filed on February 10, 2012, recommends that Defendant's Petition be dismissed without prejudice and without issuance and service of process. (Dkt. # 23). The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court

---

[1] At the time he filed this action, Petitioner was a pretrial detainee in the Greenville County Detention Center.

may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the fact of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Petitioner was advised of his right to file objections to the Report and Recommendation (Dkt. #23 at 7).  Petitioner filed objections to the Report and Recommendation on February 27, 2012 (Dkt. # 25).  The court has carefully reviewed Petitioner's objections and finds that his objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims.

Generally, a habeas petitioner must present his claims to an appropriate forum before filing his petition in federal court.  "Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole

matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

Before a state prisoner can seek federal habeas relief under § 2241, he must first exhaust any state court remedies that may be available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (noting state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92 (1973) (noting requirement for exhaustion of "all available state remedies as a prelude to this [§ 2241] action"); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand." (internal quotation marks omitted)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews v. Evatt*, 205 F.3d 907, 911 (4th Cir. 1997). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The exhaustion requirement "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (*discussing Braden*, 410 U.S. 484).

While this case was pending, Petitioner submitted another Petition for review pursuant to 28 U.S.C. § 2254.  *See Boyd v. McKie*, C/A No. 1:12-201-TMC-SVH filed on January 23, 2012.  In the § 2254 Petition, Petitioner alleges he is confined at the Kirkland Correctional Institution, a facility operated by the South Carolina Department of Corrections.  A review of the § 2254 Petition reveals that Petitioner has now been convicted of the same crimes he was moving to dismiss in the instant Petition, rendering this action moot.  Thus, the issues raised by Petitioner in his § 2241 Petition may be resolved either by subsequent direct and collateral appeals in state court.  After reviewing the record, the court finds that Petitioner has failed to demonstrate special circumstances or that he has no adequate remedy at law and will suffer irreparable injury if denied the relief he seeks.  Based on the foregoing, Petitioner's § 2241 Petition is dismissed without prejudice and without issuance and service of process.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 23) and incorporates it herein.  Accordingly, this action is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
March 9, 2012

The parties' attention is directed to the important notice on the next page.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.