IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Billy Roy Boyd, | ) | C.A. No. 1:11-cv-2981-TLW |
| | ) | [Fourth Circuit Docket No. 12-6490] |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| Billy Roy Boyd, # 349065, | ) | C.A. No. 1:12-cv-00201-TLW |
| | ) | [Fourth Circuit Docket No. 12-6553] |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Bernard McKie, Warden of Kirkland Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

The above-captioned cases were formerly pending in this District Court.[1] When the matters were in this District Court, a District Court Clerk's Office filing error affected both of the cases. Specifically, the Petition filed in the Second Habeas Action, C/A No. 1:12-cv-00201-TLW, should have been filed as an Amended Petition in the First Habeas Action, C/A No. 1-11-cv-02981-TLW, but instead was docketed as a new civil action. The Fourth Circuit Court of

---

[1] Both cases were originally assigned to United States District Judge Timothy M. Cain. On October 10, 2012, the two cases were reassigned to United States District Judge Terry L. Wooten, with no change in assignment of the United States Magistrate Judge, Shiva V. Hodges. (See Doc. #41 in C/A No. 1:11-cv-02981; Doc. #24 in C/A No. 1:12-cv-00201).

Appeals ordered a limited remand of the cases on August 16, 2012 to allow the District Court to correct that filing error. (Doc. #35, in C/A No. 1:11-cv-02981-TLW; Doc. #20, in C/A No. 1-12-cv-00201-TLW).

The matters are now before this Court for review of the Report and Recommendation ("the Report") filed on October 10, 2012 by United States Magistrate Judge Shiva V. Hodges, to whom the cases had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. (Doc. #44, in C/A No. 1:11-cv-02981-TLW; Doc. #27, in C/A No. 1:12-cv-00201-TLW).

In the Report, Magistrate Judge Hodges initially directed the District Court Clerk's Office to correct the filing error by docketing the petition in the Second Habeas Action (Civil Action No. 1:12-cv-00201-TLW) as an Amended Petition in the First Habeas Action (Civil Action No. 1:11-cv-2981-TLW) ("Amended Petition").

Further, in the Report Judge Hodges recommends that the District Court reclassify the Petition filed in the First Habeas Action, Civil Action No. 1:11-cv-2981-TLW, to a § 2254 petition, and subsequently dismiss it, without prejudice, for failure to exhaust state court remedies. Additionally, Magistrate Judge Hodges recommends that the District Court dismiss, without prejudice, the petition filed in the Second Habeas Action, Civil Action No. 1:12-cv-00201-TLW, on the basis that it is duplicative of the First Habeas Action, Civil Action No. 1:11-cv-2981-TLW. Petitioner filed objections to the Magistrate Judge's Report on October 22, 2012. (Doc. #46, in C/A No. 1:11-cv-02981-TLW).

This Court is charged with conducting a <u>de novo</u> review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In conducting

this review, this Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, this Court has reviewed, de novo, the Report and the objections thereto.  After careful consideration, this Court **ACCEPTS** the Magistrate Judge's Report.  (Doc. #44, in C/A No. 1:11-cv-2981-TLW; Doc. #27, in C/A No. 1:12-cv-00201-TLW).

As an initial matter, the United States District Court Clerk's Office is directed to correct the filing error by docketing the Petition in the Second Habeas Action (Civil Action No. 1:12-cv-00201-TLW, Doc. #1) as an Amended Petition in the First Habeas Action (Civil Action No. 1:11-cv-02981-TLW).

**IT IS HEREBY ORDERED** that the Second Habeas Action (Civil Action No. 1:12-cv-00201-TLW) is **DISMISSED** without prejudice because it is duplicative of the First Habeas Action.  It is further **ORDERED** that the First Habeas Action (Civil Action No. 1:11-cv-02981-TLW) is hereby reclassified to a § 2254 petition and is **DISMISSED** without prejudice for failure to exhaust state court remedies.

Pursuant to the Fourth Circuit Court of Appeals' Order of Limited Remand, the record, as supplemented, will be returned to the Fourth Circuit for further consideration.  "If still

dissatisfied, Boyd can also appeal to [the Fourth Circuit] from any subsequent final order or orders of the district court." (Doc. #35 at 3, in C/A No. 1:11-cv-2981-TLW; Doc. #20 at 3, in C/A No. 1:12-cv-00201-TLW).

**IT IS SO ORDERED.**

<u>/s Terry L. Wooten</u>
TERRY L. WOOTEN
United States District Judge.

November 27, 2012
Florence, South Carolina